# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

JEMEL WATSON,

     Plaintiff,

v.                                    Case No. 3:19-cv-221-J-32MCR

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

     Defendant.

_____

# O R D E R

This case is before the Court on several pretrial motions. The Court considers Plaintiff Jemel Watson's First through Sixth Motions in Limine (Docs. 55, 56, 57, 58, 59, 60); Plaintiff's Motion to Allow Plaintiff's Treating Doctors to Enter the Courthouse with Medical Needles for the Purpose of Demonstrative Aids (Doc. 67); and Defendant State Farm Mutual Automobile Insurance Company's First through Fourth Motions in Limine (Docs. 61, 62, 63, 68). The Court and the parties discussed these matters, among other things, at a October 21, 2020 final pretrial conference and at a November 10, 2020 status conference. The records of both hearings are incorporated by reference.

Accordingly, it is hereby

**ORDERED**:

1.      Plaintiff's First Motion in Limine (Doc. 55), requesting that the Court prohibit any reference to or argument that Plaintiff's treating physicians committed medical malpractice that further injured, aggravated, or increased Plaintiff's injuries or performed unwarranted interventions, is **GRANTED as unopposed**.

2.      In Plaintiff's Second Motion in Limine (Doc. 56), Plaintiff asks that the Court exclude all evidence related to whether Plaintiff was represented by counsel in the medical records. At the final pretrial conference, the Court deferred ruling on the motion and asked that Defendant file a notice of filing and the relevant letters and exhibits. Defendant filed those documents on October 24, 2020. (Docs. 74, 74-1, 74-2). For the reasons stated on the record at the November 10, 2020 hearing, Plaintiff's Second Motion in Limine (Doc. 56) is **DENIED**.

3.      Plaintiff's Third Motion in Limine (Doc. 57), requesting that the Court prohibit any reference by Defendant's counsel that Plaintiff's treating physicians are "Plaintiff's experts" or "Plaintiff's retained experts," is **GRANTED as unopposed**.

4.      Plaintiff's Fourth Motion in Limine (Doc. 58), requesting that the Court exclude all references to any prior automobile accidents, is **GRANTED as unopposed**.

5.      Plaintiff's Fifth Motion in Limine (Doc. 59), requesting that all evidence about his pre-accident and post-accident employment records, specifically as they relate to termination or discipline, be excluded, is **GRANTED** for the reasons stated on the record at the October 21, 2020 final pretrial conference.

6.      Plaintiff's Sixth Motion in Limine (Doc. 60), requesting that the Court prohibit Defendant from presenting evidence regarding the relationship between Plaintiff's law firm and Plaintiff's treating physicians, is **GRANTED as unopposed**.

7.      Plaintiff's Motion to Allow Plaintiff's Treating Doctors to Enter the Courthouse with Medical Needles for the Purpose of Demonstrative Aids (Doc. 67) is **GRANTED as unopposed**.

8.      Defendant's First Motion in Limine (Doc. 61), requesting that the Court prohibit certain evidence regarding Plaintiff's policy with Defendant, is **GRANTED as unopposed**.

9.      Defendant's Second Motion in Limine (Doc. 62), requesting that the Court prohibit Plaintiff from arguing that certain payments from Defendant may be construed as an admission of liability, is **GRANTED as unopposed**.

10.    Defendant's Third Motion in Limine (Doc. 63), requesting that the Court prohibit any evidence regarding the alleged tortfeasor's use of a cell phone at the time of the accident, is **DENIED** for the reasons stated on the record at the October 21, 2020 final pretrial conference.

11.    Defendant's Fourth Motion in Limine (Doc. 68) seeks to exclude portions of the testimony of certain treating physicians. Plaintiff filed a response in opposition (Doc. 77) on October 28, 2020, and Defendant replied (Doc. 90) on November 4, 2020. For the reasons stated on the record at the November 10, 2020 status conference, Defendant's Fourth Motion in Limine (Doc. 68) is **DENIED** as to the testimony of Dr. Amos Dare; **GRANTED** as to the testimony of Dr. Adam Zeccardi; and **DENIED** as to the testimony of Dr. Richard Boehme subject to the Court's <u>Daubert</u> ruling and subject to a proffer of Dr. Boehme's testimony.

**DONE AND ORDERED** in Jacksonville, Florida the 13th day of November, 2020.



TIMOTHY J. CORRIGAN
United States District Judge

tnm
Copies:

Counsel of record

4